

## OFFICE OF
# THE ATTORNEY GENERAL
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 27, 1947

Hon. William N. Hensley       Opinion No. V-56
Criminal District Attorney
Bexar County                  Re:   Validity of property ev-
San Antonio, Texas                  aluation contract between
                                    Bexar County Commission-
                                    ers Court and Stoner Ap-
                                    praisal Company.

Dear Mr. Hensley:

      We acknowledge receipt of your letter of Feb. 7, 1947, with which you submit the draft of a proposed contract between Bexar County, acting by and through the Commissioners Court of said County, and The Stoner Appraisal Company. The basic purpose of this contract as therein stated is:

> "That the party of the second part contracts and agrees to furnish to the party of the first part the necessary technical valuation data and information on assessed land, buildings and personal property for use of the Board of Equalization in reviewing and equalizing the assessment sheets or books as submitted by assessing department for their approval, as provided by Articles 7145, 7206, 7212, 7215, 7216 of the Revised Statutes of the State of Texas."

      You request the opinion of this department as follows:

> "1.  Is the contract a valid contract into which the Commissioners' Court of Bexar County would legally be authorized to enter?
>
> "2.  Is the contract one 'in connection with the collection of delinquent taxes' such as would require the approval of the Comptroller and Attorney General?"

      We think your first question has heretofore been answered by the opinion of this department in opinion No. O-7325, approved Sept. 23, 1946, a copy of which is herewith enclosed for your information.

The Commissioners Court in our view has the implied authority to enter into the proposed contract within the limits of the foregoing opinion. We do not deem it necessary here to enlarge upon what is said in the prior opinion of this department herewith enclosed.

In thus confirming the validity of the contract and the power of the Commissioners Court to make it, we expressly refrain from any opinion, and express none, as to the merits of the contract or the policy of the Commissioners Court in making it. These are matters exclusively within the discretion and judgment of the Commissioners Court.

We answer your second question in the negative. We do not construe the contract as one for the collection of delinquent taxes requiring the approval of the Attorney General and the Comptroller.

Although we hold that the Commissioners' Court has the implied power to make the contract, a serious question is presented in the fact that adequate provisions were not made in the original budget of Bexar County, as adopted, to provide for the expenditure of the amount involved in this contract, pursuant to Art. 1666, as amended, V. A. C. S. The records of the office of the State Auditor reflect that the Bexar County budget for 1947, on page 28 thereof, appropriated the sum of $47,851.7 for this contract, with an amendment allowing the expenditure of the further sum of $3,000. This budget was officially adopted on the 22nd day of January, 1947. Subsequently, on the 29th day of January, 1947, after the original budget had been adopted, the Commissioners' Court amended the original budget by reallocating the sum of $14,148.24 additional, making an aggregate total of $65,000

The budget law applicable to your County (H.B. 240, Ch. 65, p. 93, Acts of the 49th Legislature, R.S. 1945; Art. 1666, V. A. C. S., provides in part as follows:

". . . Upon final approval of the budget by the Commissioners Court, a copy of such budget as approved shall be filed with the county auditor, the clerk of the Court, and the State Auditor, and no expenditures of the funds of the County shall thereafter be made except in strict compliance with said budget. Said Court may upon proper application transfer an existing budget surplus during the year to a budget of like kind and fund, but no such

transfer shall increase the total of the budget.

". . .

". . . Requisitions issued or contracts entered into conformably to the laws of the State of Texas by proper authority for work, labor, services, or materials and supplies shall nevertheless not become effective and binding unless and until there has been issued in connection with such item the certificate of said County Auditor that ample budget provision has been made in the budget therefor and funds are, or will be, on hand to pay the obligation of the county or officer when due. . ."

Since the original budget does not provide for the expenditure of the sum of $14,148.25, the same may not be legally expended on this contract. In other words, it is not believed the Commissioners' Court of Bexar County could amend the budget for 1947 by reallocating $14,148.24 to this contract fund. While it is recognized under the budget law applicable to Bexar County that the Court may transfer an existing budget surplus "to a budget of like kind and fund," it is not believed that the transfer of the County's farm fund to this contract fund is of "like kind and fund" within the meaning of the Act. As stated in the case of Aldridge v. Ellis County, 167 S. W. (2d) 560:

"However, if it be conceded that the contract of employment was regular, within the powers of the Commissioners' Court, and that plaintiff performed services as alleged, yet a sine qua non to its effectiveness, binding quality and enforceability was lacking, in that the County Auditor had not issued a certificate in connection with said project, stating that ample budget provisions had previously been made and that funds were on hand, or would be, to pay, when due, all obligations incurred thereunder, as required by Art. 1666, amended in 1939, see Vernon's Ann. Civ. St. Art. 1666 note."

Under the holding of this case, assuming that it is within the power of the Commissioners' Court to make the contract in question, as we do, its effectiveness and enforceability is lacking in that the requirements of Art. 1666 as amended in 1939, the budget law under which Bexar County operates, has not been complied with, and the transfer of funds from the County Farm Fund

to this Contract Fund is not such a transfer as contemplated under the budget law applicable to Bexar County. This in our view presents a present barrier to the enforceability of the contract, regardless of the power of the Commissioners' Court in the first instance to make it. In other words the contract cannot be carried out without strictly complying with the provisions of H. B. 240, Ch. 65, p. 93, Acts of the 49th Legislature, Regular Session, 1945, the budget law applicable to Bexar County, and this has not been done.

### SUMMARY

1. The Commissioners' Court has implied authority to make and enter into a contract with expert appraisers to furnish information to the Court as to valuations of property set by the Tax Assessor and by him submitted to the Court as a board of equalization, and such a contract is valid within the limits covered by opinion No. 0-7325, and does not require the approval of the Attorney General and Comptroller, because the same is not a contract for the collection of delinquent taxes.

2. Pursuant to H. B. 240, Ch. 65, p. 93, Acts 49th Legislature, Regular Session, 1945, upon approval of the budget by the Commissioners' Court of Bexar County, no expenditures of the funds of the County shall thereafter be made except in strict compliance with said budget, and a transfer of funds from the County Farm Fund to the Revaluation Contract Fund is not such a transfer as is contemplated under the budget law applicable to Bexar County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

LPL:AMM:jrb

This Opinion Considered
and Approved in Limited
Conference

By    L. P. Lollar
      Assistant

APPROVED FEB. 27, 1947

ATTORNEY GENERAL OF TEXAS